IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02265-GPG

JASON FRAZIER,

    Plaintiff,

v.

DONALD WILCOX,
JESSICA SEATON,
THERESA COZZA-RHODES,
FEDERAL BUREAU OF PRISONS,
U.S. DEPT. OF JUSTICE,
J. STEGALL, and
ERIC EARWIN,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Jason Frazier, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary in Florence, Colorado.  Mr. Frazier has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to the Privacy Act and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics* , 403 U.S. 388 (1971).  He seeks damages as well as injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Frazier is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Frazier will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has

determined the Prisoner Complaint is deficient. First, Mr. Frazier fails to provide an address for each Defendant in the Prisoner Complaint. Mr. Frazier must provide a complete address for each named Defendant so that each Defendant may be served properly.

The Prisoner Complaint also is deficient because Mr. Frazier fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The pleading requirements of Rule 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Frazier's first claim is a Privacy Act claim in which he alleges prison officials unlawfully allowed other inmates to view information in his central file. Mr. Frazier's

second claim is an Eighth Amendment claim in which he alleges prison officials have fostered a community of informants in the STAGES program, punished inmates who are not informants or who have filed complaints, and falsely identified him as a snitch. Mr. Frazier also alleges in support of claim two that a defendant attempted to plant a knife in his cell and that he was assaulted by another inmate. Mr. Frazier contends in his third claim that his First Amendment rights have been violated because Defendants Earwin and Cozza-Rhodes retaliated against him for filing a grievance. Mr. Frazier finally asserts a fourth claim that apparently challenges a disciplinary conviction, but he does not include any specific factual allegations in support of the fourth claim.

The Prisoner Complaint does not comply with the pleading requirements of Rule 8 because it is not clear against which Defendant or Defendants Mr. Frazier is asserting each claim and he fails to allege specific facts in support of each claim that demonstrate he is entitled to relief. In order to state a cognizable claim in federal court, Mr. Frazier must identify the specific factual allegations that support each claim and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Vague and conclusory allegations that his federal constitutional rights have been violated do not entitle a *pro se* pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).   Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations."   *Hall*, 935 F.2d at 1110.

In addition, to the extent Mr. Frazier is asserting constitutional claims pursuant to *Bivens*, he is advised that, "[u]nder *Bivens*, an individual has a cause of action against a federal official in his individual capacity for damages arising out of the official's violation of the United States Constitution under color of federal law or authority."   *See Dry v. United States*, 235 F.3d 1249, 1255 (10th Cir. 2000).   Thus, allegations of "personal participation in the specific constitutional violation complained of [are] essential."   *Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011); *see also Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("[i]ndividual liability . . . must be based on personal involvement in the alleged constitutional violation.").   A defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

In order to state an arguable Eighth Amendment claim Mr. Frazier must allege specific facts that demonstrate deliberate indifference to a substantial risk of serious harm.   *See Farmer v. Brennan*, 511 U.S. 825 (1994); *Tafoya v. Salazar*, 516 F.3d 912, 916 (10th Cir. 2008).   Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and

disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

With respect to the retaliation claim, prison officials may not retaliate against an inmate for exercising his constitutional rights. *See Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). To state a retaliation claim Mr. Frazier must demonstrate: (1) he was engaged in constitutionally protected activity, (2) Defendant's actions caused him to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity, and (3) Defendant's adverse action was substantially motivated as a response to Plaintiff's constitutionally protected activity. *See Allen v. Avance*, 491 F. App'x 1, 6 (10th Cir. 2012). Accordingly, it is

ORDERED that Mr. Frazier file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Frazier shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Frazier fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED January 12, 2016, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge